**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**MDD_SAGchambers@mdd.uscourts.gov**

August 31, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Jane W. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-1963-SAG

Dear Counsel:

On June 19, 2025, Plaintiff Jane W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case and the parties' briefs. ECF Nos. 7, 10, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on April 13, 2021, alleging a disability onset of March 15, 2021. Tr. 70-86. Plaintiff's claim was denied initially on April 7, 2022, and on reconsideration on April 24, 2023. Tr. 69, 98. On March 5, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-65. Following the hearing, on March 20, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 14-35. A request for review by the Appeals Council was denied on April 23, 2025. Tr. 1-6. Subsequently, Plaintiff filed an action for judicial review on June 19, 2025. ECF No. 1.

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

[1] 42 U.S.C. §§ 301 et seq.

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 15, 2021, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of: bipolar 2 disorder, hypomanic; generalized anxiety disorder; panic disorder; and conversion disorder. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> The claimant must avoid all hazards such as inherently dangerous moving machinery and unprotected heights. She is limited to understanding, remembering, and carrying out detailed but uninvolved written or oral instructions. Work duties and any changes must be explained, written, and/or demonstrated and could be learned in 30 days or less. Work must not have strict production rates such as assembly line work or hourly time quotas and is limited to occasional interaction with others.

Tr. 22. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy, such as locker room attendant, cleaner, industrial, and cleaner, laboratory equipment. Tr. 29. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC is unsupported by substantial evidence because the ALJ improperly evaluated treating psychiatrist Dr. Milan Joshi's ("Dr. Joshi") opinions and Plaintiff's subjective symptoms. ECF No. 10 at 13-25. Plaintiff contends that the ALJ incorrectly characterized Dr. Joshi's opinions as based primarily on subjective complaints despite examinations documenting abnormal findings, failed to account for the waxing and waning nature of Plaintiff's psychiatric symptoms, and inadequately explained why other treatment records and Plaintiff's daily activities were inconsistent with Dr. Joshi's assessed limitations. *Id.* at 15-21. Plaintiff further argues that these same errors infected the ALJ's evaluation of her subjective complaints. ECF No. 10 at 23-25.

The Commissioner responds that substantial evidence supports the ALJ's evaluation of Dr. Joshi's opinions and Plaintiff's subjective symptoms. ECF No. 13 at 6-13. The Commissioner argues that the ALJ properly considered the supportability and consistency of Dr. Joshi's opinions, including Plaintiff's reports of adequate functioning, other treatment evidence, and her activities of daily living. *Id.* at 7-10. The Commissioner further contends that the ALJ appropriately considered the longitudinal record and properly determined that Plaintiff experienced some limitations but was not as limited as alleged. *Id.* at 10-13.

In reply, Plaintiff reiterates that the ALJ improperly discounted Dr. Joshi's opinions based on Plaintiff's subjective reports, overlooked documented clinical findings and the episodic nature of her symptoms, and improperly relied on her daily activities. ECF No. 14 at 2-7. Plaintiff further argues that the Commissioner impermissibly relies on post hoc rationalizations, including characterizing Dr. Joshi's assessments as "checkbox" opinions. *Id.* at 5.

When evaluating medical opinions in claims filed on or after March 27, 2017[2], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).
>
> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies— that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must

---

[2] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

The relevant regulations define these first two factors as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

This Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). The consistency factor is an outward facing inquiry, looking at whether the medical opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D. S. C. Dec. 8, 2023). This Court has made clear that an analysis of the consistency of an opinion with other opinions from the same provider and the rest of the record is not sufficient to constitute a supportability analysis. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4–5 (D. Md. May 5, 2023) (finding that analysis of inconsistency between two opinions of one medical source was insufficient to assess supportability). The ALJ must assess the relevance of "the objective medical evidence and supporting explanations presented by a medical source" to the ultimate finding advanced by that medical expert. 20 C.F.R. § 404.1520c(c)(1).

The following is part of the ALJ's analysis of Dr. Joshi's opinion:

> Regarding support for the assessment, while Dr. Joshi had a treating relationship with the claimant, his treatment notes from follow-up do not include documented mental status exams or otherwise include any description of Dr. Joshi's objective observations

> of the claimant, such that changes to her psychotropic medication appear to have been based on the claimant's reported symptoms alone (5F/2-9; 14F/2-6; 17F/2). Additionally, while the claimant sometimes complained of significant psychiatric symptoms, she generally reported that she was functioning at least adequately (e.g., 5F/2-9; 14F/2-3; 17F/2). The undersigned therefore finds Dr. Joshi's treatment notes do not support more than moderate limitation in the claimant's mental functioning. Nor is the other evidence consistent with marked and extreme mental limitations, including the treatment notes from the ER visits in August and September 2019, office treatment records by Dr. Ashai and Ms. Love, as well as the claimant's reported activities of daily living including at follow-up visits with her mental health treating providers (7E; 2F/3-4; 3F/1-18, 25 29; 5F; 14F; 17F; 19F). The medical source statement completed by Dr. Joshi is therefore of limited persuasive value.

Tr. 27.

The ALJ did not adequately articulate an evaluation of Dr. Joshi's opinions under the supportability factor of 20 C.F.R. § 404.1520c(c)(1). The ALJ found that Dr. Joshi's treatment notes "do not include documented mental status exams or otherwise include any description of Dr. Joshi's objective observations of the claimant," and therefore concluded that his treatment notes did not support more than moderate mental limitations. Tr. 27. But this characterization is contradicted by the record. Dr. Joshi documented, among other findings, anxious mood, decreased attention and concentration, impaired memory retention, depressive thought content, soft speech, and tearfulness. Tr. 577-78, 666, 687. Thus, the ALJ's supportability analysis rests, at least in part, on an inaccurate characterization of Dr. Joshi's treatment records.

Furthermore, the ALJ broadly concluded that Dr. Joshi's marked and extreme limitations were inconsistent with other treatment records and Plaintiff's activities of daily living, but did not sufficiently identify which evidence contradicted Dr. Joshi's assessed limitations or explain how Plaintiff's activities undermined those limitations. Tr. 27. Accordingly, the Court cannot determine whether the ALJ's evaluation of Dr. Joshi's opinions is supported by substantial evidence.

On remand, the ALJ should reevaluate the supportability and consistency of Dr. Joshi's opinions pursuant to 20 C.F.R. § 404.1520c(c)(1)-(2). Because the case is being remanded on this ground, the Court need not address Plaintiff's remaining argument regarding the ALJ's evaluation of her subjective symptoms. In remanding for further explanation, the Court expresses no opinion as to whether Plaintiff is entitled to benefits.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge